## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRIAN DENNIS DRUMM, ) | |
| ESTATE OF GEORGE B. MAICHEL ) | |
| through its executor CENTRAL ) | |
| BANK OF THE MIDWEST, ) | |
| OFFICE OF THE TREASURER FOR ) | |
| OSAGE COUNTY, KANSAS, and ) | |
| OFFICE OF THE TREASURER FOR ) | |
| DOUGLAS COUNTY, KANSAS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT

The United States of America for its complaint against defendants alleges as follows:

1. The United States brings this *in rem* action to enforce a special tax lien relating to the unpaid federal estate tax assessed against the Estate of Dr. George B. Maichel ("Maichel's Estate"), which arose pursuant to 26 U.S.C. § 6324A and attached to two parcels of real property in Douglas County and Osage County, respectively, in the State of Kansas.

2. This complaint has been requested and authorized by the Chief Counsel of the Internal Revenue Service and is brought at the direction of a delegate of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7401 and 7403(a).

### Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because it is the judicial district in which the real property against which the United States seeks to enforce its tax lien is located.

**Parties**

5. Plaintiff is the United States of America.

6. Dr. George B. Maichel ("Maichel") died on January 4, 2008. Maichel's Estate is liable for the unpaid federal estate tax that the United States seeks to collect (or partially collect) through this lien-enforcement proceeding.

7. Prior to his death and the transactions described below, Maichel was the titleholder of the real properties that are the subject of this action.

8. Maichel had at least two children: Jacqueline Lea Boeka ("Boeka") and Sally J. Wiebe ("Wiebe"). As described in more detail below, Boeka and Wiebe were the beneficiaries of a revocable trust that Maichel organized during his lifetime and ultimately, following Maichel's death, beneficiaries of Maichel's Estate. Boeka is now deceased.

9. Defendant Brian D. Drumm ("Drumm") is Boeka's son and Maichel's grandson. Following Boeka's death, Drumm became the titleholder of the parcels of real property that are the subject of this action, which are located in this judicial district and described further below. Drumm.

10. Douglas County Bank served as the executor of Maichel's Estate. On information and belief, Douglas County Bank merged with or was acquired by Central Bank of the Midwest on or about January 14, 2015. Central Bank of the Midwest is named as a defendant as the successor in interest to Douglas County Bank. Central Bank of the Midwest has headquarters at Lee's Summit, Missouri.

11. The Osage County Treasurer's Office is the government office responsible for, *inter alia*, the billing and collection of delinquent real estate taxes for Osage County, Kansas. It has an office located at 717 Topeka Avenue, Lyndon, Kansas 66451. It is named as a defendant to this action pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in real property against which the United States seeks to enforce its tax lien.

12. The Douglas County Treasurer's Office is the government office responsible for, *inter alia*, the assessment and collection of real estate taxes for Douglas County, Kansas. It has an office located at 1100 Massachusetts Street, Lawrence, Kansas 66044. It is named as a defendant to this complaint pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in real property against which the United States seeks to enforce its tax lien.

### Background on Maichel and the Subject Real Properties

13. On April 16, 1997, Maichel, then a resident of Osage County, Kansas, executed the Agreement of the George B. Maichel Revocable Trust ("Trust Agreement").

14. Pursuant to the Trust Agreement, Maichel transferred certain real and personal property, in trust, to himself, as trustee for the George B. Maichel Revocable Trust ("Revocable Trust").

15. The Trust Agreement provided that if for any reason Maichel could not serve as trustee, then Douglas County Bank was appointed successor trustee for the Revocable Trust.

16. The property Maichel transferred to the Revocable Trust pursuant to the Trust Agreement included at least 10 parcels of real property, all located in either Douglas County or Osage County, Kansas.

17. Among the parcels of real property that Maichel transferred pursuant to the Trust Agreement were the two parcels against which the United States now seeks to enforce its special estate tax lien.

18. Maichel transferred to the Revocable Trust a parcel of real property located in Douglas County, Kansas ("Miller Tract"), which has the following legal description:

> The East One-Half of the Northeast Quarter of Section 2, Township 15 South, Range 17 East of the 6th P.M., Douglas County, Kansas

19. Maichel also transferred to the Revocable Trust a parcel of real property located in Osage County, Kansas ("Boxcar Tract"), which has the following legal description:

> The Northeast Quarter of Section 3, Township 1, Range 17 East of the 6th P.M., Osage County Kansas

20. On June 3, 2005, Maichel signed the First Amendment to the George B. Maichel Revocable Trust ("Trust Amendment").

21. The Trust Amendment provided, in part, that upon Maichel's death, and after application of all other Trust provisions, any property remaining in the Revocable Trust, including any real property, should be "held in trust or disposed of as follows":

> To my children, Jacqueline Lea Boeka and Sally J. Wiebe, in equal shares, with the issue of any deceased child to take the share that the parent would have taken if living, per stirpes, and not per capita.

**Assessment of Estate Tax Liability, Section 6166 Election, and Special Lien Agreement**

22. On January 4, 2008, Maichel died.

23. At the time of Maichel's death, Douglas County Bank served as trustee for the Revocable Trust.

24. Following Maichel's death, Douglas County Bank served as executor of Maichel's Estate.

25. On April 7, 2009, Douglas County Bank filed on behalf of Maichel's Estate a Form 706, United States Estate and Generation-Skipping Transfer Tax Return ("Estate Tax Return") with the IRS.

26. The Estate Tax Return reported total estate tax due of $1,005,289.86.

27. On the Estate Tax Return, Maichel's Estate made an election under 26 U.S.C. § 6166 ("Section 6166 Election") to defer payment of a portion of the estate tax equal to 95.06% of the balance due, or $984,146.54 ("Deferred Portion").

28. Pursuant to the Section 6166 Election, Maichel's Estate elected to defer payment of the estate tax due for five years (paying interest only during that time), and to pay the balance of the Deferred Portion in 10 equal annual installments beginning April 4, 2014.

29. On June 8, 2009, a delegate of the Secretary of the Treasury made an assessment against Maichel's Estate for estate tax of $1,005,289.86, based on the amount reported as due on the Estate Tax Return.

30. In connection with the Section 6166 Election, on August 16, 2009, Boeka and Wiebe, as beneficiaries of Maichel's Estate, and Douglas County Bank, as executor and designated agent for the Estate, signed a special lien agreement pursuant to 26 U.S.C. § 6324A ("Special Lien Agreement").

31. In the Special Lien Agreement, Boeka, Wiebe, and Douglas County Bank consented to the creation of a lien in favor of the United States in certain parcels of real property then held by the Revocable Trust.

32. Specifically, the Special Lien Agreement created a lien for the balance of the Deferred Portion of the estate tax liability, which attached to the Boxcar Tract, the Miller Tract, and two additional parcels located in Douglas County, Kansas.

33. On September 25, 2009, the IRS filed a Form 688-J (Notice of Federal Tax Lien Under Internal Revenue Laws) in the Douglas County Recorder's office regarding the Miller Tract and the two additional Douglas County parcels that were the subject of the Special Lien Agreement.

34. On September 28, 2009, the IRS filed a Form 688-J (Notice of Federal Tax Lien Under Internal Revenue Laws) in the Osage County Recorder's office regarding the Boxcar Tract.

35. On November 30, 2009, Douglas County Bank caused the Revocable Trust to transfer title to the Boxcar Tract and the Miller Tract to Boeka.

36. Also on November 30, 2009, Douglas County Bank caused the Revocable Trust to transfer title to the two additional parcels subject to the Special Lien Agreement to Wiebe.

37. Boeka and Wiebe took title to the real properties as described in ¶¶ 35 and 36, respectively, subject to the United States' special estate tax lien created by the Special Lien Agreement.

38. A transfer-on-death deed regarding the Miller Tract, signed by Boeka, was filed in the Douglas County Recorder's office on January 5, 2010.

39. The transfer-on-death deed regarding the Miller Tract recorded January 5, 2010 identified Drumm as the grantee beneficiary for the Miller Tract.

40. A transfer-on-death deed regarding the Boxcar Tract, signed by Boeka, was filed in the Osage County Recorder's office on January 11, 2010.

41. The transfer-on-death deed regarding the Boxcar Tract recorded January 11, 2010 identified Drumm as the grantee beneficiary for the Boxcar Tract.

42. On December 18, 2012, Boeka died.

43. Upon Boeka's death, title to the Miller Tract and the Boxcar Tract transferred to Drumm pursuant to the transfer-on-death deeds described in ¶¶ 38 and 40 above.

44. Drumm took title to the Miller Tract and the Boxcar Tract subject to the United States' special estate tax lien created by the Special Lien Agreement.

45. Drumm has been the sole titleholder of the Miller Tract and the Boxcar Tract from December 18, 2012 until present.

46. On March 4, 2013, Wiebe made a payment of $492,073.27 to the IRS, which equaled one-half (50%) of the Deferred Portion of the estate tax assessed against Maichel's Estate.

47. Following Wiebe's payment, the IRS filed a Notice of Discharge of the United States' special estate tax lien from the two parcels of real property titled in Wiebe's name that were subject to the Special Lien Agreement.

48. Following Wiebe's payment, the Special Lien Agreement and the United States' special estate tax lien remained in full force and effect as to the Miller Tract and the Boxcar Tract, since the balance of the Deferred Portion of the estate tax liability remained unpaid.

49. On December 11, 2017, the IRS filed Form 668-Y (Notice of Federal Tax Lien) against the Miller Tract, signed by Chad Thomas, Revenue Officer.

50. On December 11, 2017, the IRS filed Form 668-Y (Notice of Federal Tax Lien) against the Boxcar Tract, signed by Chad Thomas, Revenue Officer.

51. The liens against the Miller Tract and Boxcar Tract were mistakenly released on July 8, 2019 pursuant to 26 U.S.C. § 6325(a).

52. A revocation of the release of the Boxcar Tract was mailed to Drumm and filed in the Osage County Recorder's Office on March 16, 2020 pursuant to 26 U.S.C. § 6325(f)(2).

53. The revocation of the release of the Miller Tract was mailed to Drumm and filed in the Douglas County Recorder's office on April 15, 2020 pursuant to 26 U.S.C. § 6325(f)(2).

54. On November 19, 2020, the IRS filed a Form 688-Y (Notice of Federal Tax Lien) in the Osage County Recorder's Office against the Boxcar Tract.

55. On December 4, 2020, the IRS filed a Form 688-Y (Notice of Federal Tax Lien) in the Douglas County Recorder's Office against the Miller Tract.

### COUNT I: Enforcement of Special Estate Tax Lien Against Miller Tract

56. The United States incorporates by reference the allegations set forth in ¶¶ 1 through 55 above.

57. On and after April 4, 2014, Maichel's Estate failed to make installment payments toward the remaining balance of the Deferred Portion of the estate tax liability, as required under the terms of the Estate's Section 6166 Election.

58. As a result of the failure of Maichel's Estate to make installment payments required under its Section 6166 Election, the IRS gave multiple notices of delinquent payments and demands for payment regarding the estate tax liability to the Central Bank of the Midwest (as the successor to Douglas County Bank, executor and designated agent for Maichel's Estate) and Wiebe (beneficiary of the Estate).

59. As early as March 1, 2016, Central Bank of the Midwest (as the successor to Douglas County Bank, the executor and designated agent for Maichel's Estate) began forwarding delinquency notices and demands for payment regarding the estate tax liability to Drumm.

60. Despite the delinquent payment notices and demands for payment described in ¶ 58 above, the installment payments due under the Estate's Section 6166 Election were not paid.

61. On October 23, 2017, a delegate of the Secretary of the Treasury terminated the Estate's Section 6166 Election.

62. On or about November 13, 2017, the IRS gave Central Bank of the Midwest (as the successor to Douglas County Bank, the executor and designated agent for Maichel's Estate), a notice and demand for full payment of the remaining balance of the Deferred Portion of the estate tax liability. *See* 26 U.S.C. § 6166(g)(3)(A).

63. To date, the balance of the estate tax assessed against Maichel's Estate has not been fully paid.

64. As of January 23, 2023, the outstanding balance of the estate tax assessed against Maichel's Estate, with assessed and accrued interest, penalties, and collection fees (and less any payments and credits), is $1,116,615.87.

65. The United States generally has 10 years from the assessment of any tax to begin a proceeding in court to collect such tax. *See* 26 U.S.C. § 6502(a)(1).

66. However, the statutory collection period for the estate tax owed by Maichel's Estate was suspended for the period of time during which payment was deferred under the Estate's Section 6166 Election, *i.e.*, from the date of assessment, June 6, 2009, to the date that the Section 6166 Election was terminated, October 23, 2017. *See* 26 U.S.C. § 6503(d).

67. Accordingly, the statutory collection period has not expired for the estate tax assessed against Maichel's Estate.

68. The United States' special estate tax lien created under 26 U.S.C. § 6324A may now be enforced against the Miller Tract, and the Miller Tract sold to satisfy (or partially satisfy) the remaining unpaid balance of the Deferred Portion of the estate tax liability.

WHEREFORE the United States respectfully requests that the Court enter judgment on Count I of this complaint as follows:

A. Declare that the special estate tax lien described in ¶¶ 30-32 above is a valid and subsisting lien interest that the United States holds in the Miller Tract, which arose as of the date of the Special Lien Agreement;

B. Order that the special estate tax lien created by the Special Lien Agreement be enforced against the Miller Tract;

C. Determine the rights of the parties in the Miller Tract;

D. Order that if any of the defendants claim an interest in the Miller Tract senior to the United States' special estate tax lien, then such defendant shall affirmatively demonstrate the priority of their interest;

E. Order that any person(s) occupying the Miller Tract shall leave and vacate the property;

F. Order that the Miller Tract shall be sold in a judicial sale according to law, free and clear of any right, title, lien, claim, or interest of any other lien holders, and that the proceeds of the sale be distributed to the parties in such amounts as the Court determines; and

G. Award the United States such other relief as is just and equitable, including the costs incurred in the commencement and prosecution of this suit.

**COUNT II: Enforcement of Special Estate Tax Lien Against Boxcar Tract**

69. The United States incorporates by reference the allegations set forth in ¶¶ 1 through 68 above.

70. The United States' special estate tax lien created under 26 U.S.C. § 6324A may now be enforced against the Boxcar Tract, and the Boxcar Tract sold to satisfy (or partially satisfy) the remaining unpaid balance of the Deferred Portion of the estate tax liability.

WHEREFORE the United States respectfully requests that the Court enter judgment on Count II of this complaint as follows:

A. Declare that special estate tax lien described in ¶¶ 30-32 above is a valid and subsisting lien interest that the United States holds in the Boxcar Tract, which arose as of the date of the Special Lien Agreement;

B. Order that the special estate tax lien created by the Special Lien Agreement be enforced against the Boxcar Tract;

C. Determine the rights of the parties in the Boxcar Tract;

D. Order that if any of the defendants claim an interest in the Boxcar Tract senior to the United States' special estate tax lien, then such defendant shall affirmatively demonstrate the priority of their interest;

E. Order that any person(s) occupying the Boxcar Tract shall leave and vacate the property;

F. Order that the Boxcar Tract shall be sold in a judicial sale according to law, free and clear of any right, title, lien, claim, or interest of any other lien holders, and

        that the proceeds of the sale be distributed to the parties in such amounts as the Court determines; and

G.    Award the United States such other relief as is just and equitable, including the costs incurred in the commencement and prosecution of this suit

Dated: March 23, 2023

Respectfully submitted,

DAVID A. HUBBERT  
Deputy Assistant Attorney General

*/s/Nathan D. Baney*  
NATHAN D. BANEY  
Va. Bar No. 75935  
Trial Attorney, Tax Division  
U.S. Department of Justice  
P.O. Box 7238  
Washington, D.C.  20044  
202-307-6560 (o)  
202-514-6770 (f)  
Nathan.Baney@usdoj.gov  
Attorney for the United States

DUSTON J. SLINKARD  
Acting United States Attorney